## FULTON et, Etc v KABAKER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14063. Decided Dec 10, 1934

John W. Bricker, Columbus, Charles F. Carr, Cleveland, and Richard R. Hollington, for plaintiff in error.

David L. Kabaker, Cleveland, for defendant in error.

## OPINION

By LIEGHLEY, J.

It was undisputed in argument that plaintiff filed a claim as general creditor with the liquidator, which claim was allowed, and he was thereafter paid the dividerds of twenty-one (21%) percent declared upon general creditor accounts. It also appeared in argument that plaintiff filed a claim for preference with the liquidator, which was rejected, and it seems that this action was predicated upon the rejection of this claim. That plaintiff seeks a preference is evidenced by the language of his petition in complaining that a demand for the full sum was refused, and segregation of the proceeds of the draft neglected and omitted.

It is contended by the Superintendent that the Municipal Court of Cleveland has no jurisdiction to entertain a suit for a judgment at the instance of a general creditor. If this judgment be regarded as, or claimed to be, grounded on a general claim, the court was without authority to render same for the reason that the claim was allowed as such prior to this action and plaintiff had accepted dividends thereon. Having presented his claim, and the same having been allowed, the plaintiff had no standing in court under the circumstances.

It is also contended that all actions for preference must be filed in the Common Pleas Court.

The question, therefore, presents itself at the outset of whether or not the Legislature has placed exclusive jurisdiction in the Common Pleas Court of administering and liquidating insolvent banks. This necessitates reference, briefly, to some of the sections of the so-called Banking Act.

Sec 710-89 GC provides under what circumstances the Superintendent of Banks may take possession of a bank.

Sec 710-89a GC covers a situation in which the bank may resume business with the consent of the Superintendent and with the approval of the Court of Common Pleas in the county in which such bank is located.

Sec 710-90 GC directs the Superintendent upon taking possession of a Bank to post notice on the door of each office of such Bank, publish notice in a newspaper of general circulation in the county, and file with the Clerk of the Court of Common Pleas of the county a notice that he has taken possession, which notice shall be specially entitled and be numbered and docketed as an original action.

Sec 710-91 GC provides that the giving of such notice vests the property of the bank in the Superintendent and "such posting shall also operate as a bar to any attachment, garnishment, execution or other legal proceedings against such bank, or its assets and property, or its liabilities; * * *."

Sec 710-93 GC directs the Superintendent as soon as practicable thereafter to make an inventory of the assets, etc. and file one copy in the office of the Clerk of the Court of Common Pleas in which the proceedings are pending. Also, file a record of liabilities, and after the expiration of the three months notice to claimants next succeeding the date of the last publication of notice, a full list of claimants with said clerk of courts. Also file additional lists thereafter at regular intervals showing all claims presented not contained in prior lists.

It is further provided that said inventory and record of liabilities shall be permanent records of such liquidation. Also he shall file a detailed report of its liquidation at the time of the order for final distribution with said Clerk of Courts.

Sec 710-95 GC empowers the Superintendent upon such terms as such court may by order approve, sell or compromise bad or doubtful assets and debts and compromise claims against such bank, etc.

Sec 710-96 GC deals with the disposition of moneys collected in process of liquidation, but only when approved by an order of the Court of Common Pleas or judge thereof.

Sec 710-98a GC covers the matter of preferences and provides that such shall not be allowed by the Superintendent of Banks or approved by the court unless duly verified, fully disclosing all facts upon which said claims are based, which claims must be filed with the Superintendent within three months after the last publication of notice required by §710-90 GC or be forever barred.

These sections with the other sections of the Act disclose a clear, unequivocal intention to place in the hands of the Court of Common Pleas sole and exclusive power and jurisdiction over the administration and liquidation of the assets of insolvent banks. Its language and provisions disclose a studied design and purpose to clothe the Court of Common Pleas with special author-

ity to supervise and give judicial approval to the necessary and enumerated essential steps in the progress and process of liquidation.

The wisdom of centralizing authority in the Superintendent and one specially designated court is not open to criticism. Such authority scattered or distributed would impede rather than expedite and result in conflict.

It is our opinion that all claims for preference must be prosecuted in the first instance in the Common Pleas Court. Such actions are usually chancery proceedings. The rejected preferred claims are a part of the required permanent record of the liquidation. Litigation of the rights of the claimants is readily available to each under these circumstances. This plan restricts and limits the determination of priorities, the marshaling of liens, the allowance or rejection of preferences and all other matters incidental to a complete and exhaustive liquidation in the hands of the one tribunal chosen and authorized by the legislature to exercise exclusive dominion with the Superintendent of Banks.

The duties imposed upon the Superintendent of Banks are very much the same as those imposed upon the Superintendent of Building and Loans. The Supreme Court of Ohio has decided that under the laws of Ohio the Superintendent of Building and Loans is constituted a trustee for the benefit of the Association, its depositors, shareholders and creditors. In effect such Superintendent is by said decision clothed with the attributes of a statutory receiver. And such liquidation proceedings has been denominated chancery in character and cognizable by a court of equity. **Warner v Building and Investment Company, 128 Oh St 37**, reported in "Bar Association" May 7, 1934.

Several authorities were cited by counsel establishing the rule that where the statutes of a state vest jurisdiction in a special court, that court exercises such jurisdiction to the exclusion of all other federal and local state courts. In Bologh et, 185 Fed. 825, in which the District Court of the United States for the Southern District of New York had under consideration statutes similar to those existing in Ohio, the opinion contains the following language:

"The superintendent of banks, in taking charge of a banking institution, does so by virtue of his authority as such superintendent under the statute, and not as a result of any proceeding in court. His authority is somewhat analogous to that of a receiver of a national bank appointed by the Comptroller of the Currency. §19 of the banking law, however, provides that his administration in certain respects shall be subject to the action of the Supreme Court of the State of New York."

* * *

"By these and other general provisions in the banking law, it appears that, although the superintendent of banks, in taking possession of the assets of a banking institution, acts by virtue of the authority conferred upon him by law, and, in taking such possession, is acting strictly as an officer of a court, nevertheless his general administration of the trust is subject to the supervision and control of the state Supreme Court in most respects."

* * *

"It does not seem to me to be necessary or proper for this court to pass upon these questions of priority, because I think that the determination of these questions is vested by law in the Supreme Court of the state of New York. The provision in §19 of the banking law that the dividends to be declared by the superintendent of banks are 'to be paid to such persons and in such amounts, and upon such notice, as may be directed by the Supreme Court in the judicial district in which the principal office of such corporation or individual banker is located', in my opinion, confers upon the New York Supreme Court the sole power of determining what creditors of the trust company are entitled to preference, and what amount shall be paid to them as dividends."

The court referred to the case of Davis v Elmira Savings Bank, 161 U. S. 275, saying: "* * * The general principle upon which the decision in Davis v Elmira Savings Bank is based, namely, that the law under which the affairs of an insolvent corporation are being liquidated governs the procedure, and that the court established by these laws to supervise the liquidation has the exclusive supervision of such liquidation, seems to me to apply to this case."

Particularly relying upon the specific provisions of the Banking Act above referred to, the clear apparent intention of the Legislature to be gathered from the whole Act, and the cases above cited, we have reached the conclusion that the liquidation of The Guardian Trust Company is

exclusively within the power and jurisdiction of the Common Pleas Court of this county and that the Municipal Court has no jurisdiction to maintain an action for preference against the Superintendent.

For these reasons the judgment will be reversed as contrary to law and final judgment rendered for plaintiff in error with exceptions.

HYNES, PJ, and LEVINE, J, concur in judgment.